Filed 3/3/26  P. v. Vessels CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C103139 & C104167 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 24CF03825 & CR65857) |
| v. | |
| JAMES RANDELL VESSELS, | |
| Defendant and Appellant. | |

Appointed counsel for James Randell Vessels asked this court to review the record in this consolidated appeal and determine whether there are any arguable issues that would result in a disposition more favorable to defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)   We will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

*Butte County Superior Court Case No. 24CF03825*

In Butte County Superior Court case No. 24CF03825, on September 4, 2024, (the Butte County case), defendant swung a baseball bat at two employees of a retail store, threatening to crack one of their heads open.  Defendant used the bat to damage approximately $700 worth of items in the store.  Before fleeing the scene, defendant

1

threw the bat at one of the employees, narrowly missing them. When responding officers arrived, defendant tried to run and struck one of the officers.

Defendant was charged with making criminal threats (Pen. Code,[1] § 422, subd. (a); count 1), assault with a deadly weapon (§ 245, subd. (a)(1); count 2), felony vandalism (§ 594, subd. (a); count 3), battery with injury on a peace officer (§ 243, subd. (c)(2); count 4), resisting an executive officer (§ 69, subd. (a); count 5), and misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 6).

Defendant applied for mental health diversion (§ 1001.36) in September 2024 but later withdrew his application.

In December 2024, defendant pled no contest to the assault with a deadly weapon and battery with injury on a peace officer counts. Defendant stipulated to an aggregate prison term of three years eight months. The remaining allegations were dismissed with a *Harvey* waiver.[2]

Later that month, the trial court sentenced defendant to prison for three years eight months, as follows: The middle term of three years for the assault count and eight months (one-third the middle term) consecutive for the battery count. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), an $80 court operations assessment (§ 1465.8, subd. (a)(1)), and a $60 criminal conviction assessment (Gov. Code, § 70373). Defendant did not object to the fines or fees. The trial court awarded defendant 213 days of custody credit.

Defendant did not obtain a certificate of probable cause.

---

[1]     Undesignated section references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

*Colusa County Superior Court Case No. CR65857*

In Colusa County Superior Court case No. CR65857, on February 13, 2024, (the Colusa County case), defendant poured gasoline outside the victim's apartment and tried to light the apartment on fire.

Defendant was charged with felony vandalism (§ 594, subd. (b)(1)) with an enhancement for use of a deadly weapon (§ 12022, subd. (b)(1)).

Defendant was released on bail in August 2024. In April 2025, defendant waived his right to a preliminary hearing.

In May 2025, defendant pled no contest to felony vandalism. The trial court dismissed the remaining allegations. The court sentenced defendant to prison for an aggregate term of four years four months, as follows: (1) in the Butte County case the middle term of three years for the assault count and eight months (one-third the middle term) consecutive for the battery count and (2) in the Colusa County case eight months (one-third the middle term) consecutive for the felony vandalism count. The court awarded defendant 520 days of custody credit in the Butte County case, and 32 days of custody credit in the Colusa County case. The court ordered defendant to pay the same fines and fees that were previously imposed in the Butte County case. As to the Colusa County case, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373). Defendant did not object to any of the fines or fees.

Defendant did not obtain a certificate of probable cause on appeal. This court granted defendant's request to consolidate his appeals of the Butte and Colusa County cases.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Robie, Acting P. J.

_____\s\_____,
Duarte, J.

4